UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **JOSEPH PIARD, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 24-40129-MRG |
| ) | |
| **JESSE GOFF,** *Boston Police Detective*, **et al.,** ) | |
| ) | |
| **Defendants.** ) | |

**ORDER**
**May 5, 2025**

**GUZMAN, D.J.**

Plaintiff Joseph Piard, Jr. who is confined at the North Central Correctional Institution in Gardner, Massachusetts, brings this action under 42 U.S.C. § 1983 ("§ 1983") against two Boston Police Detectives and their supervisors, challenging his arrest and subsequent conviction for rape. For the reasons set forth below, the Court will (1) dismiss all claims in the original complaint; and (2) direct Piard to file an amended complaint if he wishes to pursue § 1983 claim for false arrest.

**I.     Screening of the Original Complaint**

In his complaint, Piard alleges that Boston Police Detectives Goff and Benjamin unlawfully (1) altered an incident report; (2) "falsely formulate[d]" "probable cause" for an arrest warrant; (3) tampered with Piard's buccal sample; (4) coerced Piard to answer questions during a custodial interrogation after Piard he invoked his right to remain silent; and (5) altered the video tape of said interrogation to falsely portray a confession by Piard. Compl. at 12.

On February 13, 2025, the Court issued an order requiring Piard to show cause why this action should not be dismissed for failure to state a claim upon which relief may be granted.

(Doc. No. 8). The Court found that any claim directly or indirectly attacking the validity of his conviction was barred by the "favorable termination" rule of *Heck v. Humphrey*, 512 U.S. 477, (1994), in which the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-47. The Court also found that Piard's claim for false arrest appeared to be time-barred because nothing in the complaint suggested that the arrest in question occurred three years or less prior to the commencement of this action.

II.     **Show Cause Response**

On February 13, 2025, Piard filed his show cause response. (Doc. No. 12). Piard appears to argue therein that that *Heck's* favorable termination rule does not bar his claims because he is raising or will raise meritorious challenges to his conviction. However, the mere possibility of the future invalidation of his conviction does not meet the requirements of *Heck*. Thus, the Court must dismiss any claim if success on said claim would necessarily call into question the validity of Piard's conviction.

Piard maintains that his claim for false arrest is timely because he did not learn until April 2024, when the state court granted Piard's motion for his arrest warrant, that the warrant by which he was arrested was not signed,. According to Piard, prior to that time he had "sent a request to the Boston Police Department asking for a copy of the Arrest Warrant" and [t]hey replied that [his] request for the arrest warrant [did] not exist." *Id.* at 2. For present purposes, the Court finds that Piard has satisfactorily plead facts which permit the Court to reasonably infer that the claim for false arrest is timely. For the limited purpose of this order, the Court also

assumes that any success on such a claim would not necessarily imply the invalidity of his conviction.

### III.     Filing of an Amended Complaint

If Piard wishes to bring a separate, distinct, § 1983 claim for false arrest, he may do so by filing an amended complaint in which he clearly identifies the alleged conduct of each defendant that was directly involved in the false arrest.

In preparing this pleading, Piard must keep in mind that, in the context of a claim under § 1983, "only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable." *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005). In other words, a supervisory employer cannot be held liable under § 1983 based solely on the misconduct of a subordinate; the supervisor must have had some form of involvement in the alleged misconduct. *See Ashcroft v. Iqbal*, 556 US 662, 677 (2009) (stating that, in the context of § 1983, "each Government official, his or her title notwithstanding, is only liable for his or her own misconduct").

Piard must also be cognizant that an arrest without a signed warrant is not tantamount to a false arrest. The Fourth Amendment protects the right of the people to be free from arrests or other seizures that are not "reasonable under the circumstances." *District of Columbia v. Wesby*, 583 U.S. 48, 56 (2018). "[A]warrantless arrest satisfies the Constitution so long as the officer has 'probable cause to believe that the suspect has committed or is committing an offense.'" *Virginia v. Moore*, 553 U.S. 164, 173 (2008) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979)).

Finally, Piard may seek damages only for those injuries he suffered from the time of the allegedly false arrest until the commencement of the criminal action (such as by issuance of process or arraignment). "[A]ll of the compensable damages in a successful false arrest claim

stem from injuries associated with the detention itself, and not with the individual [criminal] charges." *Jaegly v. Couch*, 439 F.3d 149, 154 (2d Cir. 2006); *see also Heck*, 512 U.S. at 484 ("If there is a false arrest claim, damages for that claim cover the time of detention up until issuance of process or arraignment, but not more." (quoting W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts 888 (5th ed. 1984))).

### IV.   Conclusion

In accordance with the foregoing, the Court hereby orders:

1)   All the claims in the original complaint are DISMISSED.

2)   If Piard wishes to bring a § 1983 claim for false arrest, he must, within thirty-five (35) days of the date of this order, file a second amended complaint limited to said claim and in accordance with the instructions set forth above.  Failure to do so will result in dismissal of this action.

**So Ordered.**

　　　　　　　　　　　　　　　　　　　　/s/ Margaret R. Guzman
　　　　　　　　　　　　　　　　　　　　MARGARET R. GUZMAN
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Dated:  May 5, 2025